Eastern District of Kentucky
F I L E D
MAR 1 8 2021
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT**

UNITED STATES OF AMERICA

V.                                              INDICTMENT NO. 3:21-CR-6-GFVT

JOHN GOBLE and
MICHAEL CRAWFORD

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### INTRODUCTION

1. At all times relevant hereto, the Kentucky State Police (KSP) was an agency of the Commonwealth of Kentucky, and received, in any consecutive 12 month period, in excess of $10,000 of benefits under Federal grants and other assistance, and as such was an agency of state government within the purview of 18 U.S.C. §§ 666(a)(1), (b) and (d)(2).

2. At all times relevant hereto, RMH was a trooper with the KSP, and as such, was an employee and agent of a Federally funded state agency within the purview of 18 U.S.C. § 666(a)(1).

3. At all relevant times, the KSP maintained in its care, custody and control, at a supply center in Frankfort, Kentucky, an inventory of ammunition, firearms and other equipment and supplies.

4. At all relevant times, state and departmental statutes, regulations and rules

governed the sale or disposal of surplus or superseded firearms and ammunition.

5. At all relevant times, pursuant to regulation, retiring state troopers were allowed to purchase, at a discounted price, the firearms that were assigned to them. Active duty state troopers were allowed to purchase superseded firearms that were assigned to them. The general public and retired troopers were not authorized to purchase these firearms. Any firearms not purchased by retiring or active duty troopers were to be sold pursuant to contract to a federally licensed firearm dealer.

6. Beginning in or about a date in late 2014, RMH was temporarily assigned to the supply center as an armorer, and then was permanently assigned to that position in April 2015. In that position, RMH had access to ammunition, and was partly responsible for administering a surplus or superseded weapons disposal program.

7. For many years, culminating in his retirement in 2016, **MICHAEL CRAWFORD**, was a KSP trooper.

8. At all times relevant hereto, **JOHN GOBLE**, was the Coroner of Scott County, Kentucky, as well as a retired KSP trooper.

## COUNT 1
## 18 U.S.C. § 371

9. The allegations contained in paragraphs 1 through 8 are restated and incorporated herein by reference.

10. From on or about a date in late 2014, and continuing until on or about a date in early 2018, in Scott, Franklin, Anderson, and Shelby Counties, and other places in the Eastern District of Kentucky,

**JOHN GOBLE and**
**MICHAEL CRAWFORD**

conspired and agreed with RMH, and others known and unknown, to commit a crime against the United States, that is, the theft, conversion, and intentional misapplication, within at least one period of 12 consecutive months, of property, to wit, KSP-owned ammunition, valued at more than five thousand dollars, from a government agency that received more than $10,000 in a one year period of benefits under Federal programs, a violation of 18 U.S.C. § 666(a)(1)(A).

## OVERT ACTS

11. During the conspiracy, one of more of the co-conspirators committed one or more of the following overt acts, among others.

   a. On various dates during the conspiracy, **MICHAEL CRAWFORD** asked RMH to give him various calibers and gauges of ammunition and directed RMH to place the ammunition in his vehicle.

   b. On various dates during the conspiracy, **JOHN GOBLE** called RMH to discuss the availability of ammunition.

   c. On several occasions during the conspiracy, **JOHN GOBLE** picked up ammunition at the home of RMH, or other agreed upon locations, and stored the ammunition in the basement of his office in Georgetown, Kentucky.

   d. On various occasions during the conspiracy, **MICHAEL CRAWFORD** and others at his direction stored the stolen ammunition in the basement of the office of **JOHN GOBLE**, in Georgetown, Kentucky.

e. On or about a date in early December 2017, **JOHN GOBLE** requested that one of his employees transport the ammunition stored in his office basement to a residence in Georgetown, Kentucky.

All in violation of 18 U.S.C. § 371.

## COUNT 2
## 18 U.S.C. § 371

12. The allegations set out in paragraphs 1 through 8 are restated and incorporated herein.

13. From on or about a date in late 2016, and continuing until on or about a date in early 2017, in Scott, Franklin, and Shelby counties, in the Eastern District of Kentucky,

**JOHN GOBLE and**
**MICHAEL CRAWFORD**

conspired and agreed with RMH, and others known and unknown, to commit a crime against the United States, that is, the theft, conversion, and intentional misapplication within a period of 12 consecutive months, of property, to wit, KSP-owned firearms, valued at more than five thousand dollars, from a government agency that received more than $10,000 in a one-year period of benefits under Federal grants and programs, a violation of 18 U.S.C. § 666(a)(1)(A).

### OVERT ACTS

14. During the conspiracy, one of more of the co-conspirators committed one or more of the following overt acts, among others.

a. On or about a date in late 2016, RMH prepared KSP paperwork purporting to

assign KSP-owned firearms to active state troopers.

b. On or about dates in late 2016, **JOHN GOBLE** and **MICHAEL CRAWFORD** inspected rifles and shotguns that were to be surplused and sold by the KSP and selected ones to purchase.

c. On or about a date in early 2017, **JOHN GOBLE** and **MICHAEL CRAWFORD** met RMH in Frankfort, Kentucky to pick up firearms from RMH.

d. On or about a date in early 2017, **JOHN GOBLE** and **MICHAEL CRAWFORD** gave cash to RMH to pay him for selling the KSP firearms.

e. On various dates in 2017, **JOHN GOBLE** and **MICHAEL CRAWFORD** sold some of the aforesaid firearms to other persons.

All in violation of 18 U.S.C. § 371.

A TRUE BILL

FOREPERSON

_____
**CARLTON S. SHIER, IV**
**ACTING UNITED STATES ATTORNEY**

## PENALTIES

**COUNTS 1 & 2:**     Not more than 10 years imprisonment, $250,000 fine, and 3 years supervised release.

**PLUS:**     Mandatory special assessment of $100 per count.