# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# FRANKFORT

**CRIMINAL ACTION NO. 3:21-CR-6-GFVT**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**V.**                **UNITED STATES RESPONSE TO**
                  **DEFENDANTS' MOTION TO DISMISS**

**JOHN GOBLE, ET AL.**                                              **DEFENDANTS**

\* \* \* \* \*

       Defendant Crawford moved to dismiss the two-count indictment against him on the ground that it is multiplicitous[1] ----------- that is, it charges a single conspiracy as two conspiracies, in violation of the double jeopardy protections in the Fifth Amendment. (R. 49). Defendant Goble promptly joined the motion and supplemented the arguments advanced by Crawford. (R. 51). The Government now responds to both motions in this consolidated response.

       The motions should be denied as premature.[2] The case should proceed to trial on the current indictment and if, and only if, one or more of the defendants is convicted of

---

[1]      Defendant Goble incorrectly labels the issue as "duplicity." Duplicity involves charging multiple crimes as one, whereas multiplicity involves charging one crime as two or more. *See United States v. Safford*, 512 F.3d 833 (6th Cir. 2008) (noting the difference between duplicity and multiplicity).

[2]      The motions should also be denied as untimely. "A pretrial motion made pursuant to Federal Rule of Criminal Procedure 12(b)(3) is untimely if filed after a deadline set by the

both conspiracies, the Court should take up the issue of multiplicity. At that time, the trial record will clearly demonstrate that this indictment correctly charges two separate conspiracies.

## DOUBLE JEOPARDY AND MULTIPLICITY

The defendants' motions conflate and confuse two separate procedural postures in which double jeopardy claims arise. The result is confusion about the process for review, and the potential remedies.

There are two distinct double jeopardy protections imbedded in the Fifth Amendment. First, there is the protection against successive prosecutions for the same offense. Secondly, there is the protection against multiple punishments for the same offense. *United States v. Dixon,* 509 U.S. 688, 695 (1993). These concerns are procedurally distinct and involve separate processes and remedies.

When a defendant has been tried, and either convicted or acquitted, on a conspiracy charge, the protection against double jeopardy prohibits a subsequent, successive prosecution for another conspiracy that is actually part of that for which he has already been tried. If the Government carves a second conspiracy out of the first for a second indictment and trial, the defendant may move to dismiss on double jeopardy grounds. He may be entitled to an evidentiary hearing to allow the subsequent trial court

---

district court pursuant to Rule 12(c)(1)." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citing Fed. R. Crim. P. 12(c)(3)). The defendants do not proffer any reason for the motions being filed well past the deadline for defensive motions. *See* R. 16 at ¶ 3 (defensive motions to be filed no later than 30 days after arraignment).

to decide the issue. A hearing is not necessary if the factual determinations can be made from existing records, such as the transcript of the first trial. *United States v. Pierre*, 795 F.3d 847 (8th Cir. 2015) (trial court did not err in denying evidentiary hearing when sufficient facts ascertainable from other sources). If the Court rules against the defendant, an interlocutory appeal is appropriate to spare the defendant the "embarrassment, expense and ordeal" of a successive prosecution. *United States v. Sinito*, 723 F.2d 1256 (6th Cir. 1983). Otherwise, the harm envisioned by this prong of the double jeopardy clause would be suffered before any direct appeal would be ripe. But all of this discussion arises in the context of a looming successive prosecution.

Here, we do not have a successive prosecution. There has not been a prior prosecution of the defendants for the charged conspiracy. There will only be one trial----- either on the indictment as written or on a modified indictment. "Where there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." *United States v. Josephberg*, 459 F.3d 350 (2d Cir. 2006) (on prosecution's interlocutory appeal from trial court's dismissal of multiplicitous count, appeals court determined that dismissal was premature and should occur only after jury convicts on the multiplicitous count).

The procedural posture of this motion involves only the issue of multiple punishments, an eventuality that has not yet occurred. The harm only arises when the jury

convicts on both charges and the court is then confronted with the prospect of imposing a sentence on both counts.

> If the jury convicts on no more than one of the multiplicitous counts, there has been no violation of the defendant's right to be free from double jeopardy, for he will suffer no more than one punishment. If the jury convicts on more than one multiplicitous count, the defendant's right not to suffer multiple punishments for the same offense will be protected by having the court enter judgement on only one of the multiplicitous counts. *Id.* at 355.

*See Ball v. United States*, 470 U.S. 856, 860 (1985).

Therefore, though the defendants have properly preserved the issue, the Court's determination should be reserved until after a jury verdict where a conviction results on both counts. *United States v. Maxwell*, 2021 WL 1518675 (S.D.N.Y. 2021) (defendant's motion to dismiss multiplicitous counts premature); *United States v. Medina*, 2014 WL 3057917 (S.D.N.Y. 2014). If the Court, based on the trial record, finds that the two conspiracies charged are really just one overarching conspiracy, the remedy is to dismiss one of the charges. *Josephberg,* 459 F.3d at 355.

In *United States v. DeCarlo*, 434 F. 3d 447 (6th Cir. 2006), the defendant filed a motion to dismiss the indictment as multiplicitous, in violation of the protection against double jeopardy. He sought either an election of the count to go forward by the prosecutor or a dismissal of the indictment. The trial court held that dismissal or election was unwarranted, stating that the issue would be taken up by the Court if there was a conviction on the two counts in question. The trial court took up the issue at sentencing, found no multiplicity, and that finding was upheld on direct appeal. *Id.* at 454. *See also*

4

*United States v. Fisk,* 255 F. Supp. 2d 694, 703 (E.D. Mich. 2003) (defendant's motion to dismiss indictment for multiplicity premature).

All but one of the cases cited by the defendants, in support of their requested procedures for handling the claim of double jeopardy, involve successive prosecutions. In *Sinito*, *supra*, the defendant had been convicted of a RICO conspiracy with predicate acts, all involving loan sharking. Subsequently, the Government obtained another RICO indictment alleging a large drug, murder, and extortion racket. Similarly, in *United States v. Jabara,* 644 F.2d 574 (6th Cir. 1981), the defendant had been convicted of a drug conspiracy in California and was contesting on double jeopardy grounds a new drug conspiracy indictment in Michigan, that he successfully argued in an interlocutory appeal was really part of the first charged conspiracy. In *United States v. Wheeler*, 535 F.3d 446 (6th Cir. 2008), the defendant was convicted in successive prosecutions in two different states. In *Corral v. United States*, 562 F. App'x 599 (6th Cir. 2014) there was only one prosecution, but the defendant improvidently plead guilty to two multiplicitous counts. There was no motion to dismiss for multiplicity and there was no trial. Hence, an evidentiary hearing was required on remand to resolve the issue.

None of the cases the defendants cite in support of their motion involve a motion to dismiss a multiplicitous indictment. Therefore, the procedures they suggest here are not supported by that case law.

In the setting provided by these motions, there is no need for an evidentiary hearing. The trial itself will be the hearing from which the determination of one versus

5

two conspiracies, and an appellate record, can be made. Similarly, there is no right in this context to an interlocutory appeal. The defendants have adequate remedies on direct appeal after trial, should the Court conclude that two separate conspiracies have been properly charged and separate sentences imposed on each count.

### THE TOTALITY OF CIRCUMSTANCES TEST

The defendants have set forth the correct test for eventually determining whether the two alleged conspiracies actually are the same crime. This is the totality of the circumstances test used in virtually all circuits. It involves the consideration of five factors:

> 1) time; 2) persons acting as co-conspirators; 3) the statutory offense charged in the indictments; 4) the overt acts charged by the government or any other description of the offense charged which indicates the nature and scope of the activity which the government sought to punish in each case; and 5) places where the events alleged as part of the conspiracy took place.

*United States v. Vichitvongsa*, 819 F.3d 260 (6th Cir. 2016), citing *Sinito, supra* at 1256.

The fourth factor, involving the nature and scope of the agreement, is the most significant. *United States v. Goff*, 400 F. App'x 1, 9 (6th Cir. 2010). "In a conspiracy case it is the agreement which forms the nucleus of the offense." *Sinito, supra* at 1256. *See also United States v. El-Mezain*, 664 F.3d 467 (5th Cir. 2011). "A single agreement to commit several crimes constitutes one conspiracy. By the same reasoning, multiple agreements to commit separate crimes constitute multiple conspiracies." *United States v. Broce*, 488 U.S. 563, 570-71 (1989).

6

The pending indictment charges a conspiracy to misappropriate ammunition in Count 1 and a separate conspiracy to misappropriate guns in Count 2. The players and statutory charge are largely the same. The time frame is significantly different between the ammunition conspiracy and the gun conspiracy. The location of the two crimes overlaps but significant differences exist. Despite the overlaps, the fourth factor-----the nature and scope of each conspiracy controls. These clearly are different and distinct conspiracies.

The Government's theory, based on the testimony of Mitch Harris, and circumstantial evidence, is that two separate agreements took place. The first conspiracy began slowly and extended over several years. Crawford asked for ammunition, and Harris, feeling indebted and somewhat intimidated, complied. Later, Goble obtained ammunition from Harris. Circumstantial evidence establishes that the ammunition given to Crawford was picked up and stored by Goble. During the several years of ammunition misappropriation, there had had been no discussion or contemplation of misappropriating guns. And, there was never any contemplation of pilfering property generally from the Kentucky State Police.

It was a long time after the three began misappropriating ammunition that the gun conspiracy had its genesis. It arose from a totally separate overture from Crawford to Harris about the prospect of buying surplused or discontinued shotguns. Later, Goble joined in the project and he and Crawford met Harris in an agreed location to

consummate the deal. In context, this deal was separate and apart from the ammunition deal.

The Government realizes that the above recitation of the government's evidence is not yet in the record, but as previously stated, the motion is premature, and the resolution of the issue must await the trial of the case. There, the appropriate evidentiary record and procedural posture will be provided for the Court to consider the defendants' multiplicity arguments.

## GOVERNMENT'S ALTERNATIVE POSITION

At this time the Government will set out its position on process and remedy should this court disagree with the United States's position that this motion is premature and decide to address the substance of the multiplicity motion prior to trial. In that event, an evidentiary hearing would be necessary to develop the facts-----in essence, a mini-trial. If, following that hearing, the Court determines that the indictment is multiplicitous, the issue would become the remedy. There are two possibilities: First, the Court could require the Government to elect which count to prosecute and dismiss the other. Second, the Court could dismiss the indictment without prejudice to the Government's pursuing a superseding indictment, combining the two alleged conspiracies into one conspiracy with two prongs or two objects.

It is the latter option that the Government would pursue. Electing one of the two counts would essentially render a whole body of evidence beyond the scope of the trial. It would make the current indictment, with its background section which mentions both

crimes, confusing.  This indictment is not written to support a single conspiracy with two objects.  Consequently, electing one count to try would essentially remove an entire prong from jury consideration.  The Government should be afforded the opportunity to redraft the indictment to reflect one conspiracy with two prongs or objects.

## CONCLUSION

The defendants' motion to dismiss this indictment for alleged multiplicity is premature.  The motion should be held in abeyance pending the trial.  If a jury convicts one or more of the defendants on both conspiracy counts, the Court should revisit the issue before sentencing.  If one conspiracy is found, one count should be dismissed.[3]

Alternatively, if the Court desires to determine the issue before trial, and if the motion is sustained, the Government would seek leave to pursue a superseding indictment.

                Respectfully submitted,

                CARLTON S. SHIER, IV
                ACTING UNITED STATES ATTORNEY

By: s/ Kenneth R. Taylor
     Kenneth R. Taylor
     Kate K. Smith
     Assistant United States Attorneys
     260 W. Vine Street, Suite 300
     Lexington, Kentucky 40507-1612
     (859) 685-4874
     Ken.Taylor@usdoj.gov
     Kate.Smith@usdoj.gov

---

[3] In that instance, the conduct behind the dismissed count would still constitute relevant conduct for sentencing purposes.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System and sent a copy to counsel of record.

/s/ Kenneth R. Taylor
Assistant United States Attorney