UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 3:21-cr-00006-GFVT-EBA-2 |
| | ) | |
| v. | ) | |
| | ) | **OPINION** |
| MICHAEL CRAWFORD, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The grand jury indicted Michael Crawford and his co-defendant on two counts of conspiracy to defraud the United States. At Mr. Crawford's initial appearance, the United States did not seek detention, and he was permitted to remain free on bond pending trial. The questions presented in this case are: (1) whether the United States can compel the man to provide his palm print while he is free on bond; and (2) if so, whether the Court must find that law enforcement had probable cause or reasonable suspicion that the man committed a criminal act.

The specific matter before the Court is Defendant Michael Crawford's Motion for Reconsideration of Magistrate Judge Edward B. Atkins's order granting the Government's Motion to Compel. [R. 48.] Mr. Crawford argues that the record is devoid of evidence necessary to establish either reasonable suspicion or probable cause to permit the taking of Mr. Crawford's palm prints, and that the probable cause standard is the appropriate standard to apply under the Fourth Amendment in this circumstance. For the reasons set forth below, Mr. Crawford's objections are OVERRULED and his Motion for Reconsideration is DENIED.

# I

On March 18, 2021, Mr. Crawford and his co-Defendant John Goble were indicted by a grand jury on two counts of conspiracy to defraud the United States under 18 U.S.C. § 371. [R. 1 at 2.] The United States alleges that Mr. Crawford conspired to "commit a crime against the United States, that is, the theft, conversion, and intentional misapplication" of Kentucky State Police-owned ammunition and firearms. [R. 1-1 at 4–5.]

In late 2017, two individuals informed Georgetown, Kentucky, public officials about "a large stash of ammunition" that Scott County Coroner John Goble was keeping in the basement of his office and said Mr. Goble reported that he had received the ammunition from Mitch Harris, the Kentucky State Police Armorer. [R. 36 at 1.] This information was passed along to the Kentucky State Police, which initiated a criminal investigation to determine whether theft of government property may have occurred. *Id.* at 1–2. The Kentucky State Police interviewed Mr. Harris as part of the investigation, and Mr. Harris admitted to giving Mr. Crawford "a lot of ammunition." *Id.* at 2. Mr. Harris also admitted to giving Mr. Goble a smaller amount of ammunition after he was directed to do so by Mr. Crawford, who was his supervisor. *Id.* Although there are "conflicting accounts as to how the ammunition came to be placed in Goble's basement," the investigators concluded that "most of the ammunition in Goble's basement went from Harris, through Crawford, and then to Goble." *Id.*

The ammunition at issue in this case was recovered, and investigators lifted "a number of palm prints on the boxes of ammunition." *Id.* at 3. The prints were compared to people who admitted to handling the boxes, including Mr. Harris and Mr. Goble, with negative results. *Id.* The United States believes that the palm prints belong to Mr. Crawford. *Id.* During the investigation, Mr. Crawford refused to provide his palm prints, and a state court trial judge

denied a request that Mr. Crawford be compelled to provide them because "taking palm prints, as opposed to fingerprints, is not normal procedure for arrestees." *Id.*

On August 5, the United States filed a Motion to Compel Mr. Crawford to "produce for comparison and analysis, a printing of his palm." [R. 36 at 1.] The United States argued that taking Mr. Crawford's palm print would not run afoul of the Fourth Amendment because it "is analogous to requiring someone to appear before a grand jury to provide physical characteristics." *Id.* at 6. After full briefing, Judge Atkins granted the United States' request on September 1, finding that the Court could compel Mr. Crawford to produce his palm print because the United States had demonstrated that (1) there was reasonable suspicion that Mr. Crawford had committed a criminal act; (2) a reasonable basis existed for believing that palm printing Mr. Crawford would establish or disprove his connection with the crime in this case; and (3) that palm printing Mr. Crawford would be carried out "with dispatch." [R. 46 at 4 (citing *Hayes v. Florida*, 470 U.S. 811, 817 (1985)).]

On September 14, Mr. Crawford timely objected to Judge Atkins's order under Rule 72(a) of the Federal Rules of Civil Procedure,[1] arguing that (1) Judge Atkins should have applied the probable cause standard instead of reasonable suspicion; and (2) even under the reasonable suspicion standard, the record lacks evidence sufficient to compel Mr. Crawford to provide his palm print. [R. 48-1 at 2.]

---

[1] Rule 72(a) provides that magistrate judges must "promptly conduct required proceedings" and issue written orders when appropriate in pretrial matters that are "not dispositive of a party's claim." Fed. R. Civ. P. 72(a). A party may file objections to the magistrate judge's order "within 14 days after being served with a copy," and a district judge must then "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

## II

### A

The parties agree that the Fourth Amendment provides the appropriate framework through which to analyze the Government's Motion to Compel Mr. Crawford's palm print. [R. 36 at 4; R. 48-1 at 3.] The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause…." U.S. Const. amend. IV. The Supreme Court has held that "the obtaining of physical evidence from a person involves a potential Fourth Amendment violation at two different levels—the 'seizure' of the 'person' necessary to bring him into contact with government agents, and the subsequent search for and seizure of the evidence." *United States v. Dionisio*, 410 U.S. 1, 8 (1973) (citations omitted).

Judge Atkins, in his order granting the United States' motion to compel, examined both potential Fourth Amendment violations. First, Judge Atkins found that "an individual has no reasonable expectation of privacy when it comes to his palm prints." [R. 46 at 3. (citing *United States v. Adams*, 2014 WL 1464407, at \*3 (E.D. Mich. Apr. 15, 2014)).] Judge Atkins cited to Sixth Circuit precedent demonstrating that court-ordered submissions, such as the one at issue in this case, are permissible and determined that Mr. Crawford could be required to submit to being palm printed so long as the Court determined "that law enforcement had a reasonable suspicion that the suspect committed a criminal act." *Id.* (citing *Hayes v. Florida*, 470 U.S. 811, 817 (1985)). Ultimately, Judge Atkins found that (1) the United States demonstrated that law enforcement had a reasonable suspicion that Mr. Crawford committed a criminal act; (2) the United States demonstrated that there is a reasonable basis for believing that palm printing Mr.

4

Crawford would establish or disprove his connection with the crime at issue in this case; and (3) that the palm printing of Mr. Crawford would be carried out with dispatch. *Id.* at 4–5.

B

Before analyzing Mr. Crawford's objections, it is important to address the scope of the issues presently before the Court. This is not a situation in which Mr. Crawford's fingerprints were requested as part of a brief investigatory stop pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). After all, "[a] brief detention in the field for the purpose of fingerprinting, where there is only reasonable suspicion not amounting to probable cause, is [not] necessarily impermissible under the Fourth Amendment." *In re Search Warrant No. 5165*, 470 F. Supp. 3d 715, 722 (E.D. Ky. 2020) (quoting *Hayes*, 470 U.S. at 816). Nor is there a question in this case about whether the police may seize an individual against their will, take them to the police station to interview them, and tell them they would be restrained if they tried to leave. The Supreme Court has clearly stated this is something the police cannot do. *See Dunaway v. New York*, 442 U.S. 200, 203 (1979). There is also not a question here about whether there is probable cause that an offense occurred at all, given the grand jury's indictment in this case. *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1164 (6th Cir. 2021) (finding that a "grand jury's indictment creates a presumption that probable cause existed").

Here, the narrow question is whether Mr. Crawford, who has been indicted but is currently not in custody, can be compelled to provide his palm print.[2] Mr. Crawford's specific objections in this matter ultimately boil down to (1) whether the applicable standard is probable

---

[2] Generally in these cases, the defendant is in custody when being compelled to provide his fingerprint or palm print. *See, e.g., United States v. Sanudo-Duarte*, 2016 WL 126283, at *1–2 (D. Ariz. Jan. 12, 2016) (granting motion to compel palm print for individual "being held pursuant to an indictment and [] therefore in lawful custody" because "obtaining an individual's fingerprints does not constitute an intrusion upon his privacy" under the Fourth Amendment).

5

cause or reasonable suspicion, and (2) whether the Government's evidence satisfies the requisite test.

1

Mr. Crawford argues that probable cause is the appropriate standard for detaining a non-custodial defendant for the purpose of getting a palm print. [R. 48-1 at 6.] However, the Court finds that in this case, the appropriate standard is reasonable suspicion, not probable cause.

In *Davis v. Mississippi*, the Supreme Court addressed the appropriate standard to apply to detentions related to fingerprinting in the Fourth Amendment context. 394 U.S. 721 (1969). In *Davis*, the Supreme Court held that taking the petitioner to police headquarters for fingerprinting and interrogation without a warrant or probable cause did not comport "with the requirements of the Fourth Amendment." *Id.* at 728. However, in dicta, the Supreme Court stated that "[i]t is arguable, however, that, because of the unique nature of the fingerprinting process, such detentions might, under narrowly defined circumstances, be found to comply with the Fourth Amendment even though there is no probable cause in the traditional sense." *Id.* at 727 (citing *Camara v. Municipal Court*, 387 U.S. 523 (1967)). The Court did not elaborate on those "narrowly defined circumstances" because "no attempt was made here to employ procedures which might comply with the requirements of the Fourth Amendment." *Id.* at 727–28.

Sixteen years later, the Supreme Court decided *Hayes v. Florida*. 470 U.S. 811 (1985). In *Hayes*, the Supreme Court found that taking the petitioner to the police station against his will to be fingerprinted and then arresting him when his prints matched those found at a crime scene violated the petitioner's Fourth Amendment rights. *Id.* at 817. However, again in dicta, the Court affirmed that in some circumstances, "the [Fourth] Amendment might permit a narrowly circumscribed procedure for fingerprinting detentions on less than probable cause." *Id.* at 815.

The Court stated that a "brief detention in the field for the purpose of fingerprinting, where there is only reasonable suspicion," may not run afoul of the Fourth Amendment. *Id.* at 816. Additionally, the Court went on to elaborate that

> There is thus support in our cases for the view that the Fourth Amendment would permit seizures for the purpose of fingerprinting, if there is reasonable suspicion that the suspect has committed a criminal act, if there is a reasonable basis for believing that fingerprinting will establish or negate the suspect's connection with that crime, and if the procedure is carried out with dispatch.

*Id.* at 817.

Furthermore, the Court said that "under circumscribed procedures, the Fourth Amendment might permit the judiciary to authorize the seizure of a person on less than probable cause and his removal to the police station for the purpose of fingerprinting." *Id.* In 2003 the Supreme Court cited approvingly to *Hayes* in a footnote, declaring that they had "left open the possibility that, under circumscribed procedures, a court might validly authorize a seizure on less than probable cause when the object is fingerprinting." *Kaupp v. Texas*, 538 U.S. 626, 630 n.2 (2003) (citing *Hayes*, 470 U.S. at 817).

District courts are split on whether probable cause or reasonable suspicion is the appropriate standard to apply to seizures for the purpose of fingerprinting or palm printing. *Compare United States v. Pakala*, 329 F. Supp. 2d 178, 180 (D. Mass. 2004) (providing that "Defendants may be ordered to submit to the taking of their palm prints" so long as the Government meets the probable cause standard); *with United States v. Purdy*, 2005 WL 3465721, at *3 (D. Neb. Dec. 19, 2005) (citing *Hayes v. Florida* approvingly for the proposition that the Fourth Amendment would permit "seizures for the purpose of fingerprinting, if there is reasonable suspicion that the suspect has committed a criminal act"); *and United States v. Ingram*, 797 F. Supp. 705, 717 (E.D. Ark. 1992) (finding that "the government will only need to show a reasonable suspicion, based upon specific and articulable facts and the inferences

rationally drawn from those facts").

After reviewing the Supreme Court's precedent in light of the facts in this case, the Court finds that the appropriate standard is reasonable suspicion. The language in *Hayes* is particularly helpful in deciding this issue. Under *Hayes*, the Fourth Amendment would permit a seizure for the purpose of obtaining Mr. Crawford's palm print "if there is *reasonable suspicion* that the suspect has committed a criminal act, if there is a reasonable basis for believing that fingerprinting will establish or negate the suspect's connection with that crime, and if the procedure is carried out with dispatch." 470 U.S. at 817 (emphasis added). Accordingly, the Court finds that Judge Atkins's ruling was not clearly erroneous or contrary to law, and Mr. Crawford's objection as to this issue is overruled.

2

With that decided, the Court must determine whether the evidence proffered by the Government satisfies the reasonable suspicion test. It does. Under *Hayes*, as discussed above, the Court may compel Mr. Crawford to provide his palm print "if there is reasonable suspicion that the suspect has committed a criminal act, if there is a reasonable basis for believing that fingerprinting will establish or negate the suspect's connection with that crime, and if the procedure is carried out with dispatch." *Id.* "Reasonable suspicion is based on the totality of the circumstances and has been defined as requiring articulable reasons and a particularized and objective basis for suspecting the particular person." *United States v. Davis*, 415 F. App'x 709, 712 (6th Cir. 2011) (citing *United States v. Payne*, 181 F.3d 781, 788 (6th Cir. 1999)). The reasonable suspicion standard is less demanding than the probable cause standard. *Id.*

Mr. Crawford objects to Judge Atkins's order on the motion to compel, arguing that "the record is devoid of any factual recitations upon which to rest a finding of reasonable suspicion or

probable cause." [R. 48-1 at 4.] However, as Judge Atkins found, the Government proffered "articulable reasons and a particularized and objective basis" for suspecting that Mr. Crawford committed a criminal act. *Davis*, 415 F. App'x at 712. Judge Atkins pointed to "[t]he length of the investigation, Crawford's indictment, and Harris's statements implicating Crawford" to find that reasonable suspicion was established that Mr. Crawford committed a criminal act. [R. 46 at 4.]

The Court finds that Judge Atkins's finding is not clearly erroneous or contrary to law. An investigation by the Kentucky State Police into alleged wrongdoing provided reasonable suspicion that Mr. Crawford was responsible for illegally providing Mr. Goble with ammunition. [R. 36 at 2.] Mr. Crawford was indicted after a lengthy investigation revealed circumstantial evidence tying him to the crime, and a statement by KSP Armorer Mitch Harris also pointed to Mr. Crawford's involvement in the theft of government property and provided an objective basis for suspecting Mr. Crawford. [R. 36 at 2]; *cf. United States v. Marshall*, 2012 WL 5512548, at *1 (W.D.N.Y. Nov. 14, 2012) (finding that "the return of the indictment against Defendants together with the forensic biologist's affidavit established reasonable suspicion").

Furthermore, the Court finds there is a reasonable basis for believing that palm printing Mr. Crawford will establish or negate his connection with the crime at issue in this case. The United States has provided that KSP lifted palm prints off the boxes of ammunition at issue in this case that do not match the palm prints of other individuals who admitted to handling the ammo boxes, including Mr. Harris and Mr. Goble. [R. 36 at 3.] Analyzing Mr. Crawford's palm prints would serve to either corroborate Mr. Crawford's claim that he is not involved in the conspiracy or corroborate Mr. Harris's statements that Mr. Crawford handled the ammunition boxes. *Id.*

9

Finally, in this case, the United States plans to carry out the palm printing with both dispatch and minimal invasiveness. The United States requests in its motion for Mr. Crawford to appear "at a time and place of his convenience for the purpose of obtaining his palm prints." *Id.* Permitting Mr. Crawford to provide his palm print at a time and place of his convenience would appear to include the possibility that Mr. Crawford could even provide his palm print from the comfort of his own home. Ultimately, so long as the palm printing is carried out with dispatch, whether Mr. Crawford provides his palm print from home or a police station at a time of his choosing, the minimal intrusiveness of this situation fits comfortably within the framework provided in *Davis* and *Hayes*. *See Ingram*, 797 F. Supp. at 717 (finding that for a defendant on bond a showing of reasonable suspicion must be made to a judicial officer and holding that "[a]s the Supreme Court's comments in *Davis* clearly suggest, orders to appear and submit to a relatively unintrusive examination should be obtained in advance of detention and should insure that the limited detention [does] not come unexpectedly or at an inconvenient time") (citing *Davis*, 394 U.S. at 727).

Mr. Crawford and Mr. Goble stand indicted of conspiring to steal from the United States, and there is reasonable suspicion that Mr. Crawford committed a criminal act. Furthermore, the nature of the Government's request provides an abundance of flexibility for Mr. Crawford to provide his palm print and imposes minimal intrusion upon Mr. Crawford. *Id*. Courts across the nation routinely grant motions to compel fingerprints and palm prints because compelling a palm print does not constitute a search under the Fourth Amendment. *United States v. Salgado*, 2012 WL 1080146, at *13 (N.D. Ga. Mar. 12, 2012) (granting motion to compel palm print because "compelling fingerprints is not considered a search under the Fourth Amendment"); *United States v. Walker*, 2010 WL 5463114, at *2 (E.D. Mich. Dec. 29, 2010) (same); *United States v.*

*Meza-Rodrigues*, 2006 WL 2431398, at *1 (W.D. Mich. Aug. 21, 2006) (same); *but see Beightol v. Kunowski*, 486 F.2d 293, 294 (3d Cir. 1973) (finding police could not "arrest a person free on bail, without a warrant, for the sole purpose of obtaining fingerprints and a mug shot" for an individual "free on bail on misdemeanor charges").

The Court finds that neither the seizure of Mr. Crawford to obtain his palm print nor the subsequent seizure of his palm print would run afoul of the Fourth Amendment. *Cf. United States v. Franks*, 511 F.2d 25, 32 (6th Cir. 1975) (holding that a court order compelling defendants to provide voice exemplars did not violate defendants' Fourth Amendment rights "so long as the underlying seizure of the person is proper"). Accordingly, the Court will overrule Mr. Crawford's objections and affirm Judge Atkins's ruling granting the Government's Motion to Compel.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Defendant Michael Crawford's Motion for Reconsideration **[R. 48]** is **DENIED.**

This the 15th day of December, 2021.

Gregory F. Van Tatenhove
United States District Judge