UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 3:21-cr-00006-GFVT-EBA-2 |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| MICHAEL CRAWFORD, *et al.*, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

*** *** *** ***

The adversarial system operates best when both sides are represented by zealous advocates. An important aspect of zealous advocacy is being willing to own up to mistakes and correct them. In this case, the United States made a mistake by supporting their motion to compel Mr. Crawford to provide a palm print with a claim that ended up being false. The United States argues this was an honest mistake, and that they corrected it by filing a subsequent notice in the record.

Another aspect of zealous advocacy is ensuring that an opponent's alleged honest mistake is just that, as opposed to deliberate deception. Here, Counsel for Mr. Crawford is concerned that the investigators in this case may have deliberately misled the United States by providing information that was untrue. Given the stakes involved and the alleged deception, Counsel for Mr. Crawford filed a motion asking the Court to reconsider its prior order denying Mr. Crawford's motion to reconsider Magistrate Judge Edward B. Atkins's order compelling Mr. Crawford to provide a palm print. [R. 70.] After reviewing the evidence, the Court finds no bad faith on the part of the United States, which includes the investigators, and also finds sufficient

evidence to compel Mr. Crawford to provide his palm print. Therefore, Mr. Crawford's motion for reconsideration will be DENIED.

## I

Michael Crawford and his co-defendant were indicted by a grand jury on two counts of conspiracy to defraud the United States. [R. 1.] At Mr. Crawford's initial appearance, the United States did not seek detention, and Mr. Crawford was permitted to remain free on bond pending trial. On September 1, 2021, Judge Atkins granted the United States' motion to compel Mr. Crawford to provide a palm print. [R. 46.] Two weeks later, Mr. Crawford filed a motion for reconsideration, which this Court denied on December 15. [R. 67.] On December 20, the United States filed a Notice of Misstatement of Fact in Prior Pleading. [R. 69.] In the original motion to compel, the United States made the following statement: "Kentucky State Police obtained a number of palm prints on the boxes of ammunition. The prints were compared to a number of people who admittedly handled the boxes---including Harris and Goble, with negative results." *Id.* (citing [R. 36].) However, the United States clarified in the notice that no palm print comparisons had yet taken place and "[t]hat representation was the result of a miscommunication or misunderstanding in a chain of communications." *Id.*

Later on December 20, given the Government's notice, Mr. Crawford filed a motion asking the Court to reconsider its order denying Mr. Crawford's motion to reconsider Judge Atkins's order granting the United States' motion to compel. [R. 70.] Mr. Crawford also requested a hearing on the motion for reconsideration. [R. 70; R. 81.] On January 12, 2022, the Court held a hearing to address, in addition to other matters, Mr. Crawford's motion for reconsideration. [R. 86.] The Court heard arguments from both sides and took the matter under advisement.

## II

### A

A district court reviews motions for reconsideration under the same standard as motions to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Anderson v. Fuson*, 2021 WL 6425927, at *1 (E.D. Ky. Dec. 21, 2021) (citing *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). "Motions for reconsideration are limited in purpose to correcting errors of law or to present newly discovered evidence." *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 672 (6th Cir. 2003) (quoting *Macdermid Inc. v. Electrochemicals Inc.*, 1998 WL 165137, at *19 n.7 (6th Cir. 1998)). Given their limited purpose, "[m]otions for reconsideration are extraordinary in nature and so should only be granted sparingly." *Gesler v. Ford Motor Co.*, 185 F. Supp. 2d 724, 729 (W.D. Ky. 2001) (citing *Plaskon Electronic Materials v. Allied-Signal*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *see also Executive Ambulatory Surgical Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, 492 F. Supp. 3d 728, 731 (E.D. Mich. 2020) (finding that a motion for reconsideration "should be used sparingly to correct *actual* defects in the court's opinion") (quoting *Oswald v. BAE Indus., Inc.*, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010)).

### B

The issue here is whether the newly discovered information contained in the United States' Notice of a Misstatement of Fact in a Prior Pleading changes the factual basis of the Court's previous holding to such a degree that Mr. Crawford should no longer be compelled to provide his palm print. The Court finds that it does not. At most, the United States' notice indicates that the United States made a mistake that was subsequently corrected.

The Court's prior Opinion and Order addressed two questions: (1) whether the United

3

States can compel Mr. Crawford to provide his palm print while he is free on bond; and (2) if so, whether the Court must find that law enforcement had probable cause or reasonable suspicion that Mr. Crawford committed a criminal act. [R. 67 at 1.] After finding the appropriate standard to be reasonable suspicion, the Court determined that the evidence proffered by the United States satisfied the reasonable suspicion test. *Id.* at 8. For the purposes of this motion, the reasonable suspicion standard is not in dispute, only whether the fact that the KSP had not conducted handprint analysis on Mitch Harris and John Goble tipped the scales of evidence against a finding of reasonable suspicion.

Mr. Crawford argues that this lack of palm print comparison points to the fact that "Detective Wilson, who had custody of this palm print, deliberately misled the government as to tests results to leverage a palm print from Mr. Crawford." [R. 70 at 3.] The Government responded that the lack of palm print comparison was nothing more than an honest mistake and, furthermore, "[t]he state of the historical palm print analysis by the KSP has no bearing on the issues of whether Crawford is a suspect in the crimes charged." [R. 71.]

Evidence elicited from the hearing in this matter supports the argument that this was an honest mistake and nothing more. The United States testified at the hearing that there had been some confusion related to the palm print analysis, but as soon as they learned there may have been some miscommunication, the United States convened a meeting that included the KSP examiner Doug Harrod, both defendants, and all counsel to figure out what had happened. Upon learning that palm print comparisons using Mr. Harris and Mr. Goble's palm prints had not actually taken place, the United States filed the notice in the record to correct the error. [*See* R. 69.] The United States also testified that the FBI is in possession of twenty of the thirty-one ammunition boxes that are evidence in this case and found two palm prints on the boxes. The

4

FBI conducted palm print analysis on those boxes and determined that the palm prints do not match Mr. Goble or Mr. Harris. Therefore, the United States argues that the need for Mr. Crawford's palm print is the same now as it was when the motion to compel was originally filed, and that filing the notice was just necessary to clear up the record.

At the hearing, Counsel for Mr. Crawford clarified that he was not alleging that the United States was falsifying evidence or deliberately misleading anyone. His argument was instead specifically charging that Kentucky State Police Detective Wilson deliberately misled the government. However, Counsel for Mr. Crawford admitted during the hearing that this palm print issue could have simply been a mistake, and he did not proffer any evidence to support a finding that Detective Wilson deliberately misled the United States in this case.[1] The United States argued that if anything, this was an issue with Mr. Harrod's memory and work practices, not Detective Wilson. In their briefing, the United States additionally argued that this was a matter of Mr. Harrod, who has handled numerous cases over the years, relying on memory in relating the status of the palm print analysis in this case and not a deliberate act. [R. 71.] The United States also testified that it appeared Mr. Harrod may have conflated conducting fingerprint comparisons in this case, which he had completed, with palm print comparisons, which he had not. The implication of these arguments is that this was a mistake, not deception on the part of the United States, Detective Wilson, Mr. Harrod, or anyone else. The Court is persuaded based upon the information in the record that Detective Wilson, nor any other party, deliberately misled the government as to the palm prints.

---

[1] During the hearing, Counsel for Mr. Crawford requested a further evidentiary hearing to address the palm print issue. However, as the United States responded, many of the issues Mr. Crawford is concerned about are more appropriately addressed in the context of trial, not a separate evidentiary hearing. Furthermore, a hearing is not necessary because the Court finds, as discussed in more detail below, that the United States' mistake does not alter the Court's prior analysis denying Mr. Crawford's motion for reconsideration. Accordingly, the Court will deny Mr. Crawford's request for an evidentiary hearing.

5

Furthermore, the Court agrees with the United States that this mistake ultimately does not change the reasonable suspicion analysis. In determining that Mr. Crawford satisfied the reasonable suspicion standard in this case and would be compelled to provide a palm print, Judge Atkins pointed to "[t]he length of the investigation, Crawford's indictment, and Harris's statements implicating Crawford." [R. 46 at 4.] This Court, in affirming Judge Atkins's order compelling Mr. Crawford to provide his palm print, evaluated Mr. Crawford's grand jury indictment and a statement by KSP Armorer Mitch Harris that implicated Mr. Crawford in the theft of government property. [R. 67 at 9.] In the Fourth Amendment context, a grand jury's indictment alone creates a presumption of probable cause, *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1164 (6th Cir. 2021), and the probable cause standard is more demanding than reasonable suspicion. *United States v. Collazo*, 818 F.3d 247, 257 (6th Cir. 2016). Thus, while the Court also noted the now-corrected statement by the United States in its prior order, the other evidence in the record was sufficient, standing alone, to satisfy the reasonable suspicion standard.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Mr. Crawford's Motion for Reconsideration **[R. 70]** is **DENIED**.

This the 16th day of March, 2022.

Gregory F. Van Tatenhove
United States District Judge