UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 3:21-CR-6-GFVT

UNITED STATES OF AMERICA                                                                        PLAINTIFF

V.                              UNITED STATES'S MOTION *IN LIMINE*

MICHAEL PAUL CRAWFORD                                                                      DEFENDANT

\* \* \* \* \*

The United States anticipates that the Defendants may seek to pursue a line of questioning and evidence that is inadmissible under the Federal Rules of Evidence, and moves pre-trial for a ruling barring its introduction. Specifically, the United States seeks an order prohibiting Defendant Crawford from introducing evidence or argument that "everyone does it" with respect to the straw purchases of KSP firearms or the theft of KSP ammunition. For the reasons that follow, the United States respectfully moves the Court to exclude this evidence or line of argument *in limine* to avoid any juror confusion and to streamline the proceedings at trial.

## ARGUMENT

Motions *in limine* allow the Court "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). "Such motions serve important gatekeeping functions by allowing the trial judge to eliminate from consideration evidence that should not be presented to the jury because

it would not be admissible for any purpose." *Goldman v. Healthcare Management Systems, Inc.*, 559 F.Supp.2d 853, 859 (W.D. Mich. 2008) (citing *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). "Motions *in limine* typically involve matters which ought to be excluded from the jury's consideration due to some possibility of prejudice . . . ." *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997); *see also Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999) ("Motions *in limine* are designed to avoid the . . . prejudice caused by objections and offers of proof at trial.").

In the course of the pending prosecution, Defendant Crawford has suggested that others have received pilfered KSP ammunition and/or purchased KSP firearms through the same straw purchaser scheme he and his co-defendant used. However, no one but Defendant Crawford will be on trial in this case. Evidence of alleged wrongdoing by third parties is irrelevant and confusing to the jury. To the extent Defendant Crawford would use this evidence to advance an "everybody does it" defense, that is simply an impermissible plea for jury nullification.

In certain circumstances, courts may admit "reverse 404(b) evidence" offered by the defendant, i.e., evidence of similar misconduct by an uncharged third party offered to prove that it was the third party, and not the defendant, who committed the charged offense. *See*, *e.g.*, *United States v. Lucas*, 357 F.3d 599, 604-06 (6th Cir. 2004) (affirming district court's exclusion of evidence of third party's prior conviction for drug trafficking, where defendant argued that it was third party who had engaged in the drug offense defendant was charged with). That is not the situation here. Here, there is no

dispute that it was Defendant Crawford who agreed with Mitch Harris and John Goble to misappropriate KSP ammunition and firearms. Evidence of other instances of this behavior, or a cultural environment in which such activity took place without repercussions, is simply irrelevant to Defendant's guilt on charges of conspiracy to mis-appropriate KSP property, and is therefore inadmissible. Fed. R. Evid. 401, 402.

To the extent the Defendant would use the evidence to suggest to the jury that his crimes were simply the way KSP operated at the time, or that "everybody does it," that effort likewise fails. Because "the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence. . . . No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant." *United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998); *see also United States v. Smith*, 14-CR-99-JHM, 2016 WL 589890, at *10 (W.D. Ky. Feb. 11, 2016) ("[A] defendant may not offer evidence and testimony solely for the purpose of inviting jury nullification."); *United States v. Duval*, 865 F. Supp. 2d 803, 808-09 (E.D. Mich. 2012) (same).

The Court should not permit the introduction of evidence or argument concerning alleged mis-appropriation of KSP property by others.

## CONCLUSION

For the foregoing reasons, the United States respectfully moves the Court to preclude evidence or argument concerning alleged misconduct by other KSP employees or whether KSP culture condoned such misappropriation.

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By: /s/ Kate K. Smith
Kenneth R. Taylor
Kate K. Smith
Assistant United States Attorneys
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4874
(859) 685-4855
FAX (859) 233-2747
Ken.Taylor@usdoj.gov
Kate.Smith@usdoj.gov

## CERTIFICATE OF SERVICE

On August 5, 2022, I electronically filed this document through the ECF system, which will send notice to counsel of record.

/s/ Kate K. Smith
Assistant United States Attorney