UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO.: 3:21:CR:6-GFVT

UNITED STATES OF AMERICA                                              PLAINTIFF

V.           **RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE***
                                    **(Doc #141)**

fMICHAEL PAUL CRAWFORD                                                DEFENDANT

Comes Michael Crawford for his Response to the government's Motion *in Limine* (Doc # 141) and states:

The government seeks an order prohibiting Mr. Crawford from introducing or arguing that "everyone does it" concerning straw purchases of Kentucky State Police firearms or the theft of KSP surplus ammunition. On page 2 of this motion, the government asserts, with no factual underpinning, that Crawford has *suggested* that "others have received pilfered KSP ammunition and firearms through the same scheme he and his co-defendant used…. However, no one but Defendant Crawford will be on trial in this case. Evidence of alleged wrongdoing by third parties is irrelevant and confusing to the jury."

The government argues that "no dispute it was Defendant Crawford who agreed with Mitch Harris and John Goble to misappropriate KSP ammunition and firearms." That statement assumes facts, not in evidence. It is the sole province of the jury to determine if Mr. Crawford intentionally and voluntarily agreed with Harris and Goble to pilfer KSP firearms or ammunition. It is also presumptive of the government to argue that the jury will somehow disregard the law.

The crux of the government's argument is that only one conspiracy exists. That conspiracy involves three people: Harris, Goble, and Crawford. The view overlooks the proposition that Harris and Goble are the only conspirators in secreting KSP surplus property from the KSP armory. Are there third parties involved in the Harris/Goble conspiracy? The government's indictment alleges that there are unnamed co-conspirators. The extent and persons involved in the Harris/Goble conspiracy are unknown. What is strange is the context of this case.

Mitch Harris has repeatedly told investigators that it has been the custom and practice for KSP armory personnel to sell firearms to KSP officers. These sales may be categorized as straw sales. Further, Harris's command staff green-lighted those sales. This brings us to Crawford's purchase of five surplus 870 pump shotguns from the armory. Crawford paid $145 apiece for the shotguns for a total of $725. That dollar amount falls far short of the $5,000 jurisdictional limit set forth under 18 USC 666, the federal crime Mr. Crawford is alleged to be conspiring to violate. The only way the government can jump the $5,000 jurisdictional hurdle is to charge a conspiracy with Harris and Goble.

What may be described as the serendipity good fortune of the undersigned, it was discovered during the proceedings against Crawford that the money he paid for those shotguns was deposited in the state treasury. Those five shotguns were not stolen—an exculpatory fact uncovered by counsel for Crawford despite efforts by investigators to disclose the same.

Now, the present argument by the government hints at or suggests that Harris may have been in a separate conspiracy involving firearms and ammunition. If that is the case, and there is evidence to underscore that suggestion, then such would warrant disclosure to Mr. Crawford.

Goble has recently informed federal authorities that he paid Mitch Harris $4500 for 10 to 20 shotguns. Whether that money has been deposited in the state treasury is an open question at this point, an important question.

By the motion *in limine,* the government seeks to divine Mr. Crawford's defense before trial. Such an attempt infringes upon attorney-client privilege and, more squarely, on the work product privilege. There are no legal coordinates for such disclosure. Any relevant concerns may be staunchly addressed during the trial or through *ex parte* to the court.

In support of the argument, the government cites *United States v. Lucas, 357 F.3d 599, 604-606 (6th Cir.2004)* for the broad proposition that a defendant may not point to a third party, via 404(B) evidence, to duck culpability. The court specifically held there that the drug defendant could not introduce a non-party's prior drug conviction as the sole basis to present such evidence, given there existed no other evidence that the third person's conduct evinced facts that he would have acted in a like manner since his conviction. The conviction alone was insufficient to establish intent, motive, or propensity. The defense in *Lucas* wanted the jury to make the inferential leap that the third party sold drugs before and therefore would do so again. On page 606 of the decision, the appellate court pointed out that had defense counsel added evidence that the third party had borrowed someone's car, packaged cocaine in the same manner as the accused, and placed the cocaine under the passenger's seat as charged against Lucas. The conviction and a similar conduct pattern would have hurdled the relevancy bar. The Crawford scenario is far from the empty assertion presented in the *Lucas* case.

Here, Harris connects the undisputed dots. Connected dots from which a jury may reasonably infer that the individual purchase of small quantities of firearms from the KSP surplus supply met with command staff approval.

        /s/ Bernard Pafunda  
        BERNARD PAFUNDA  
        ATTORNEY FOR DEFENDANT  
        MICHAEL PAUL CRAWFORD  
        444 E. Main Street, Suite 101  
        Lexington, Kentucky 40507  
        Telephone: 859-259-0102  
        Email: pafundalawoffice@windstream.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of August, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

Hon. Kenneth Taylor  
Assistant U.S. Attorney  
260 West Vine St., Suite 300  
Lexington, KY 40507  
Ken.Taylor@usdoj.gov

Hon. Kate K. Smith  
Assistant U.S. Attorney  
260 West Vine St., Suite 300  
Lexington, KY 40507  
Kate.Smith@usdoj.gov

Hon. Fred Peters  
Fred Peters Law Office  
225 E. High Street  
P.O. Box 2043  
Lexington, Kentucky 40588  
Counsel for John Goble  
fpeterslaw@aol.com

/s/ Bernard Pafunda  
BERNARD PAFUNDA  
ATTORNEY FOR DEFENDANT  
MICHAEL PAUL CRAWFORD